UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMMAD KASSIM BAJAY,<br><br>Petitioner,<br>v.<br><br>TODD BLANCHE et al.,<br><br>Respondents. | CASE NO. 2:26-cv-02032-DGE<br><br>ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 13) |

Before the Court is Petitioner's motion for reconsideration (Dkt. No. 13) of the Court's order denying his petition for a writ of habeas corpus. Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

**A. No manifest error in concluding Petitioner's removal order is not administratively final.**

Petitioner argues the Court manifestly erred in denying his petition for a writ of habeas corpus. First, Petitioner contends the Court erred in finding he was not subject to an administratively final order of removal. (Dkt. No. 13 at 3–7.) In its order, the Court cited 8 C.F.R. § 1241.1(a), which provides that an order of removal issued by an immigration judge in removal proceedings initiated under INA § 240, codified at 8 U.S.C. § 1229a, becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals." (Dkt. No. 11 at 7.) The Court noted that Petitioner's removal proceedings were initiated under INA § 240 and that Petitioner's appeal of the immigration judge's August 15, 2025 removal order was still pending before the BIA. (*Id.*) The Court therefore concluded that 8 C.F.R. § 1241.1(a) barred the conclusion that the August 15, 2025 order was administratively final for purposes of 8 U.S.C. § 1231(a)(1)(B)(i). (*Id.*)

Petitioner argues "the statutory definition of finality" in 8 U.S.C. § 1101(a)(47) "controls and trumps the regulatory definition" contained in 8 C.F.R. § 1241.1(a). (Dkt. No. 13 at 4.) Petitioner notes that § 1101(a)(47)(B) provides that an order of deportation becomes final upon the earlier of a determination by the BIA affirming such order or the expiration of the period in which the alien is permitted to seek review of such order by the BIA. (*Id.* at 4–5.) Petitioner

argues a deportation becomes final only in these two circumstances and contends the Court erred by "resort[ing] to 8 C.F.R. § 1241.1(f) for clarification." (*Id* at 5.)

Petitioner appears to rely upon *Ocampo v. Holder*, in which the Ninth Circuit analyzed 8 C.F.R. § 1241.1(f), a different provision of the regulation cited in the Court's order, and found a removal order granting a non-citizen voluntary departure became final, for purposes of a motion to reopen, upon the BIA's affirmance of the removal order rather than upon the non-citizen's overstay of the voluntary departure period. 629 F.3d 923 (9th Cir. 2010). Petitioner's citation to *Ocampo* is inapposite; there is no conflict between 8 C.F.R. § 1241.1(a) and 8 U.S.C. § 1101(a)(47), and the Court fails to see how the Court's citation to the former impacts the outcome of this case.

Second, Petitioner argues the Court ignored Supreme Court decisions which stand for the proposition that "removal proceedings and CAT proceedings are the same." (Dkt. No. 13 at 7.) In its order, the Court rejected Petitioner's attempt to divide the immigration judge's August 15, 2025 removal order, which denied Petitioner's applications for withholding of removal under INA § 241(b)(3) and the CAT into two separate orders for purposes of finality under 8 U.S.C. § 1231(a)(1)(B)(i). (Dkt. No. 11 at 6–7.) The Court found Petitioner's argument that he could divide the August 15, 2025 order in two pending his BIA appeal failed to address why 8 C.F.R. § 1241.1(a) was inapplicable to the entire order, and also failed to acknowledge that the Supreme Court case upon which Petitioner relied, *Riley v. Bondi*, 606 U.S. 259 (2025), was inapposite. (*Id.* at 7.) Here, Petitioner essentially re-states his earlier argument, namely that "a CAT order is distinct from a final order of removal and does not affect the validity of the final order of removal." (Dkt. No. 13 at 10.) Petitioner presents no new argument in his motion, and the Court cannot find that it manifestly erred. *Stevens v. Pierce Cnty.*, Case No. C22-5862 BHS, 2023 WL

6807204, at *2 (W.D. Wash. Oct. 16, 2023) ("A motion for reconsideration is not intended to provide litigants with a second bite at the apple.")

**B. Court Orders Respondents to respond to Petitioner's arguments regarding prolonged detention.**

Petitioner argues the Court erred in weighing the *Martinez* factors and concluding that his mandatory detention was not unreasonably prolonged under the Due Process Clause. (Dkt. No. 13 at 14–25.) While the Court questions whether it manifestly erred in analyzing the *Martinez* factors, the Court also acknowledges the question of whether Petitioner's detention has become unreasonably prolonged may be a close one. Petitioner's motion includes detailed arguments concerning the *Martinez* factors not included in his petition or his reply brief. (*See* Dkt. Nos. 1, 10.) Petitioner's failure to raise these arguments earlier could be a basis for denying Petitioner's motion. Nevertheless, in the interests of justice, the Court will consider Petitioner's argument regarding the Court's weighing of the *Martinez* factors.

Respondents shall respond to Petitioner's argument concerning prolonged detention, and ONLY this argument, within **<u>10 days</u>** of this order. Petitioner shall NOT submit a reply brief.[1]

The Clerk is directed to calendar this event.

---

[1] The Court notes that Petitioner's motion for reconsideration was filed on July 30, 2026, 15 days after the Court issued its order denying Petitioner's habeas petition. (Dkt. No. 13.) A motion for reconsideration must be filed "within fourteen days after the order to which it relates is filed." Local Civil Rule 7(h)(2). Petitioner appears to have mailed his motion the day before the deadline. (Dkt. No. 13 at 27.) In the interests of justice, and factoring in potential mail-related delays at the Northwest ICE Processing Center, the Court will not deny Petitioner's motion as untimely. The Court also notes that Petitioner's motion, which is 26 pages long, appears to significantly exceed the word limit for motions of this type. *See* Local Civil Rule 7(e)(1) (Same day motions, except motions for temporary restraining orders, shall not exceed 2,100 words or, if written by hand or with a typewriter, six pages.) In the interests of justice, the Court has evaluated Petitioner's entire motion. Nevertheless, the Court cautions Petitioner that future motions that exceed the word limit may be partially or entirely stricken.

Dated this 7th day of August, 2026.

David G. Estudillo
United States District Judge