UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMMAD KASSIM BAJAY,<br>Petitioner,<br>v.<br>TODD BLANCHE et al.,<br>Respondents. | CASE NO. 2:26-cv-02032-DGE<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION (DKT. NO. 13) |

Petitioner seeks reconsideration of the Court's order (Dkt. No. 13) denying his petition for a writ of habeas corpus. For the reasons that follow, Petitioner's motion for reconsideration is GRANTED.

The Court incorporates by reference the facts identified in its July 15, 2026 order. (Dkt. No. 11.) Briefly, on June 11, 2026, Petitioner filed a petition for a writ of habeas corpus. (Dkt. No. 3.) On July 15, 2026, the Court denied the petition, finding Petitioner was detained pursuant to 8 U.S.C. § 1226(c) and that Petitioner's detention was not unreasonably prolonged. (Dkt. No. 11 at 4–7, 10–14.) On July 30, 2026, Petitioner filed the instant motion for reconsideration,

arguing the Court manifestly erred in denying his petition. (Dkt. No. 13.) Petitioner asks the Court to release him from custody, or in the alternative to order Respondents to grant him a bond hearing that comports with due process. (*Id.* at 26.) On August 7, 2026, the Court issued an order finding no manifest error with respect to most of its findings, but directed Respondents to respond to Petitioner's arguments regarding prolonged detention. (Dkt. No. 14.) On August 17, 2026, Respondents submitted a response to Petitioner's motion for reconsideration. (Dkt. No. 15.)

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Petitioner argues the Court improperly weighed the *Martinez* factors and erred in finding his mandatory detention was not unreasonably prolonged under the Due Process Clause. (Dkt. No. 13 at 14– 26.) Petitioner argues his continued detention without a bond hearing violates the Fifth Amendment. (*Id.*) The Court does not find manifest error in its prior ruling. However,

Petitioner has now been detained for approximately 22 months, approximately an additional 50 days since the Court's July order. Though unusual, the Court finds Petitioner's continued detention since the July order amounts to new facts that could not have previously been brought to the Court's attention. The Court, therefore, concludes there is a basis to reconsider its prior order.[1]

"[A] noncitizen's detention, even if mandatory under 8 U.S.C. § 1226(c), can still be unlawful if it is unreasonably prolonged under the Due Process Clause." *Smbat v. ICE Field Off. Dir.*, Case No. 2:26-cv-00818-JHC, 2026 WL 1842663, at *2 (W.D. Wash. June 26, 2026) (collecting cases). In this district, courts apply the test from *Martinez v. Clark*, Case No. C18-1669-RAJ-MAT, 2019 WL 5968089 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019), which considers the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

*Martinez*, 2019 WL 5968089, at *6–7.

In the July 2026 order, the Court found these factors weighed evenly for Petitioner and the Government and was therefore unable to conclude that Petitioner's mandatory detention violated due process. (Dkt. No. 11 at 10–14.) In other words, the Court believed it a close call as to whether Petitioner established prolong detention.

---

[1] The Court wrestled with whether to draw this conclusion. But there is nothing to prevent Petitioner from filing a new petition asserting prolonged detention once again and, in such event, the new petition likely would be assigned to the undersigned as a related case. The Court, therefore, sees no reason to require Petitioner to file a new petition as it would be an unnecessary use of judicial resources to open a new petition.

Revisiting the first two *Martinez* factors, Petitioner has now been detained for approximately 22 months. The first factor continues to weigh heavily in Petitioner's favor. As for the second factor, the Court now concludes it weighs in Petitioner's favor. On reconsideration, the Court notes Petitioner's appeal before the Board of Immigration Appeals ("BIA") is reaching the one-year mark. (Dkt. No. 8 at 2) (identifying Petitioner filed his appeal on September 12, 2025). Respondents provide no information as to when his appeal will be decided. The Court further notes that, although Petitioner has serious criminal history, his sentence, he was sentenced to only three months of custody. (Dkt. No. 9-1 at 3–4.) This means he has been in civil immigration custody seven times longer than in criminal custody.

Reweighing these first two factors together with the remainder of the *Martinez* factors outlined in the July 2026 order, the Court now concludes Petitioner has established he is entitled to relief.

The Court acknowledges that Congress, through 8 U.S.C. § 1226(c), mandated detention of certain noncitizens to prevent such noncitizens from "absconding or engaging in criminal activity before a final decision can be made" on their removability. *Jennings v. Rodriguez*, 583 U.S. 281, 286 (2018). As a result, rather than order immediate release, the Court believes it more appropriate to order a new bond hearing before an immigration judge to consider Petitioner's individual facts and circumstances. Because this bond hearing is being ordered based on a finding of prolonged detention, the burden is on the Government to prove dangerousness or risk of flight by clear and convincing evidence. *See Martinez v. Clark*, 124 F.4th 775, 785–786 (9th Cir. 2024) ("the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community").

Accordingly, Petitioner's motion for reconsideration (Dkt. No. 13) is GRANTED. Within 14 days of the date of this order (unless Petitioner requests additional time to prepare for a hearing), Respondents shall provide Petitioner with an individualized bond hearing that complies with the requirements of due process.

Dated this 3rd day of September, 2026.

David G. Estudillo
United States District Judge